## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ARIC EDLIN BURKS,
        Appellant,

    v.

DEPARTMENT OF HEALTH AND
    HUMAN SERVICES,
        Agency.

DOCKET NUMBER
DC-0752-22-0458-I-1

DATE: May 10, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Edith Morrow Lee</u>, Durham, North Carolina, for the appellant.

<u>Andrew Ruskin</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his constructive removal appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was a GS-13 Human Resources Specialist with the agency until he retired in February 2020. Initial Appeal File (IAF), Tab 1 at 4, 6, Tab 10 at 9. The appellant has made the following allegations. Shortly after he began employment with the agency in or around 2014, the appellant's then-supervisor approved a reasonable accommodation based on the appellant's disabilities of anxiety, depression, sleep disturbances, and appetite disturbances. IAF, Tab 1 at 6, Tab 9 at 19. The reasonable accommodation was that the appellant could "telework at his discretion," and he was only required to go into the office "if, and only when, top leadership [ ] wanted a face-to-face meeting." IAF, Tab 1 at 6. The appellant alleges that he was instructed by his former supervisor not to submit "paperwork," and he was "instructed to manage [his] own" reasonable accommodation request. IAF, Tab 9 at 19. The appellant alleges that his reasonable accommodation of full-time telework was endorsed by several subsequent supervisors. *Id.*

In April 2019, L.B. became the appellant's supervisor. IAF, Tab 10 at 13. The appellant alleges he told L.B. that a reasonable accommodation was in place

for his "mental health and physical issues." IAF, Tab 9 at 6. In December 2019, L.B. denied the appellant's request to telework and ordered him to work from the office. *Id.* at 19. L.B. instructed the appellant to coordinate his reasonable accommodation request through the Office of Equity, Diversity, and Inclusion, but the appellant did not submit a formal accommodation request to that office. *Id.* It appears that the appellant reported to the office after December 2019. IAF, Tab 11 at 16.

The appellant alleges that, on or around February 3, 2020, L.B. issued him an unjustified memorandum of expectations, which notified him that L.B. believed his performance was unacceptable, and a negative and unjustified performance evaluation. IAF, Tab 9 at 4-5. The appellant asserts that L.B.'s actions violated the agency's policies on coaching and performance and were intended to coerce him into retiring. *Id*. at 5. According to the appellant, due to the "expiration" of his request for leave under the Family and Medical Leave Act, he had no choice but to resign from Federal service, effective February 24, 2020. IAF, Tab 1 at 6, Tab 9 at 8. The appellant alleges that he told L.B. numerous times that if his reasonable accommodation was revoked, he would have no choice but to resign. IAF, Tab 9 at 6. He generally asserts that being forced to work in the agency's offices exacerbated his conditions. *Id.* at 6-7.

After the appellant retired, he filed an equal employment opportunity (EEO) complaint alleging that the agency discriminated against him based on his sex, age, national origin, and disability, and retaliated against him for prior EEO activity, when, in relevant part, it denied him a reasonable accommodation and he was forced to retire from Federal service. IAF, Tab 10 at 5-7. On June 7, 2022, the agency issued a final agency decision. *Id.* at 37. Thereafter, the appellant filed a timely Board appeal. IAF, Tab 1. The administrative judge issued a jurisdictional order, which notified the appellant that the Board may lack jurisdiction over his appeal and instructed him to file evidence and argument in support of jurisdiction. IAF, Tab 5. The appellant and the agency responded.

IAF, Tabs 9, 11. Without holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to nonfrivolously allege that his retirement was involuntary. IAF, Tab 15, Initial Decision (ID) at 3-6. The appellant has filed a petition for review, and the agency has filed a response in opposition. Petition for Review (PFR) File, Tabs 1, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board lacks jurisdiction over appeals of employees' voluntary actions. *O'Clery v. U.S. Postal Service*, 67 M.S.P.R. 300, 302 (1995), *aff'd*, 95 F.3d 1166 (Fed. Cir. 1996) (Table); 5 C.F.R. § 752.401(b)(9). However, the Board has recognized that employee-initiated actions that appear voluntary on their face are not always so. *Spiegel v. Department of the Army*, 2 M.S.P.R. 140, 141 (1980). The Board may have jurisdiction over such actions under 5 U.S.C. chapter 75 as "constructive" adverse actions. To establish Board jurisdiction over a constructive adverse action claim, the appellant must show (1) that he lacked a meaningful choice in the matter and (2) it was the agency's wrongful actions that deprived him of that choice. *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013). If the appellant makes a nonfrivolous allegation of fact establishing Board jurisdiction, he is entitled to a hearing at which he must prove jurisdiction by preponderant evidence. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc); *Thomas v. Department of the Navy*, 123 M.S.P.R. 628, ¶ 11 (2016).

In dismissing this appeal for lack of jurisdiction, the administrative judge found that, even assuming the agency violated its policies on counseling and coaching prior to issuing the appellant a negative performance evaluation, the appellant could have disputed or grieved the performance evaluation instead of retiring. ID at 5. For the reasons set forth in the initial decision, we agree with this finding. ID at 5-6 (citing *Axsom v. Department of Veterans Affairs*,

110 M.S.P.R. 605, ¶ 17 (2009) (holding that the appellant failed to establish jurisdiction over a constructive removal claim, in part, because the appellant had the option to challenge the alleged discriminatory conduct through the appropriate channels, such as filing an EEO complaint, rather than resigning)).

Regarding the appellant's claim that he was forced to retire because the agency allegedly rescinded his reasonable accommodation of full-time telework, the administrative judge found that, even assuming that the agency's rescission or denial of the appellant's reasonable accommodation was wrongful, the appellant failed to allege that he had no choice but to resign. ID at 6. We agree. The appellant testified at a deposition that he did not submit a request for a reasonable accommodation through the Office of Equity, Diversity, and Inclusion, as instructed by his supervisor, and, instead, he resigned from Federal service. IAF, Tab 11 at 16. He has not alleged that he took any steps to challenge the alleged rescission of his reasonable accommodation before he resigned. Although the appellant argues on review that he should not have been required to submit medical evidence because his accommodation request had already been approved years earlier, PFR File, Tab 1 at 6, he has not explained why he could not submit the requested documentation or alleged that providing it would have been futile. *See Axsom*, 110 M.S.P.R. 605, ¶ 17 (finding that the appellant failed to make a nonfrivolous allegation that he was subjected to a constructive adverse action, in part, because he failed to show that utilizing the agency's EEO process would have been futile).

The appellant's remaining arguments on review do not provide a basis to disturb the administrative judge's findings. PFR File, Tab 1 at 4-8. The appellant has not established that the documents attached to his petition for review constitute new evidence that was unavailable before the close of the record before the administrative judge, and thus, we have not considered them. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980) (stating that, under 5 C.F.R. § 1201.115, the Board generally will not consider evidence

submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence).  Accordingly, we deny the appellant's petition for review and affirm the initial decision dismissing this appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.   The

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:     _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.